| | |
|---|---|
| **COREY HEMPHILL**        **Plaintiffs,**<br><br>v.<br><br>**CHARLOTTE-MECKLENBURG BOARD OF EDUCATION and CHRISTOPHER K. BERNARD, individually and in his official capacity.**<br><br>       **Defendants.** | **DEFENDANTS' ANSWER** |

Defendants, Charlotte-Mecklenburg Board of Education ("Defendant Board") and Christopher Bernard (Defendant Bernard), by and through their undersigned counsel, hereby answer Plaintiff's Complaint ("Complaint") in the captioned matter as follows:

Except as expressly admitted herein, the allegations in the Complaint are denied.

## INTRODUCTION AND JURISDICTION

1. Denied.

2. Defendants admit that Plaintiff was hired on August 16, 2019, as a Behavior Modification Technician. The remaining allegations of Paragraph 2 are denied.

3. Denied.

4. Defendants admit that Plaintiff was assigned to James Martin Middle School ("JMMS") during the 2021-2022 school year. Defendants admit that Plaintiff worked at Metro School from July 12 – 29, 2021. The remaining allegations are denied.

1

5. Denied.

6. Denied.

7. Admitted.

## PARTIES

8. Defendants lack sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 8 and, therefore, deny the same.

9. Defendants admit that Defendant Board is a body corporate pursuant to N.C. Gen. Stat. § 115C-40. Defendants admit that board members are duly elected by citizens of Mecklenburg County. Defendants admit that pursuant to § 115C-40, Defendant Board has "general control and supervision of all matters pertaining to the public schools in [its] respective local school administrative unit." The remaining allegations are denied.

10. Defendants admit that Defendant Bernard was employed by Defendant Board during the 2021-2022 school year as a principal.

11. Admitted.

12. Denied.

13. Admitted.

14. Denied.

15. Denied.

## FACTS

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Denied.

22. Defendants lack sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 22 and, therefore, deny the same.

23. Defendants admit that there are no formal incidents involving Plaintiff before December 17, 2021. Defendants admit that an incident occurred at James Martin Middle School on December 17, 2021, involving Plaintiff and a student. The remaining allegations are denied.

24. Denied.

25. Defendants admit that the district's Employee Relations department investigated the December 17, 2021 incident involving Plaintiff and a student. The remaining allegations are denied.

26. Defendants lack sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 26 and, therefore, deny the same.

27. Denied.

28. Denied.

29. Defendants admit that Theresa Adams was involved in the investigation of the December 17, 2021 incident involving Plaintiff and a student. The remaining allegations are denied.

30. Defendants lack sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 30 and, therefore, deny the same.

31. Denied.

32. Defendants admit that Plaintiff received a written warning resulting from an investigation of the December 17, 2021 incident involving Plaintiff and a student. The remaining allegations are denied.

33. Denied.

34. Defendants admit that the district's Employee Relations department investigated the December 17, 2021 incident involving Plaintiff and a student and issued a written warning as a result. The remaining allegations are denied.

35. Denied.

36. Defendants lack sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 36 and, therefore, deny the same. Document described not included in Complaint.

37. Defendants admit that Plaintiff was not allowed to coach the basketball team while out on suspension with pay. The remaining allegations in Paragraph 37 are denied.

38. Defendants lack sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 38 and, therefore, deny the same

39. Defendants admit that Plaintiff returned to work after the suspension with pay. The remaining allegations in Paragraph 39 are denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Defendants admit that Nonviolent Crisis Intervention is a district-mandated training. The remaining allegations in Paragraph 44 are denied.

45. Defendants lack sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 45 and, therefore, deny the same.

46. Defendants admit that Michele Jean-Jumeau informed Plaintiff where and when to attend the CPI training course. The remaining allegations in Paragraph 46 are denied.

47. Denied.

48. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the remaining allegations in Paragraph 48 of Plaintiff's Complaint and, therefore deny the same.

49. Denied.

50. Defendants admit that the district uses the Incident Management System and denies the remaining allegations of Paragraph 50.

51. Denied.

52. Defendants admit that Plaintiff returned to work following suspension. Defendants lack sufficient information or knowledge upon which to form a belief as to the truthfulness of the remaining allegations in Paragraph 52 and, therefore, deny the same.

53. Denied.

54. Defendants lack sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 54 and, therefore, deny the same.

55. Defendants lack sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 55 and, therefore, deny the same.

56. Defendants admit that Plaintiff was the basketball coach. The remaining allegations in Paragraph 56 are denied.

57. Defendants lack sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 57 and, therefore, deny the same.

58. Defendants lack sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 58 and, therefore, deny the same.

59. Defendants lack sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 59 and, therefore, deny the same.

60. Defendants admit Plaintiff took days off during his employment with Defendant Board. The remaining allegations of Paragraph 60 are denied.

61. Defendants lack sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 61 and, therefore, deny the same.

62. Defendants admit that Plaintiff was suspended with pay on December 20, 2021 and returned back to work on February 9, 2022. During the suspension with pay period, Plaintiff was not permitted to return to the school or perform work. The remaining allegations of Paragraph 62 are denied.

63. Denied.

64. Denied.

65. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness regarding the remaining allegations in Paragraph 65 of Plaintiff's Complaint, therefore, deny the same.

## FIRST CAUSE OF ACTION
*(SUBSTANTIVE DUE PROCESS VIOLATION -42 U.S.C DUE PROCESS VIOLATION -42 U.S.C. § 1983; CONSTITUTION OF THE UNITED STATES, AMEND. XIV)*

66. Defendants incorporate all prior responses by reference as if fully set forth herein.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness regarding the remaining allegations in Paragraph 71 of Plaintiff's Complaint, therefore, deny the same.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## SECOND CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

80. [Complaint ¶ 77] Defendants incorporate all prior responses by reference as if fully set forth herein.

81. [Complaint ¶ 78] Defendants admit that Defendant Bernard knew of the existence of the video from the December 17, 2021 incident involving Plaintiff and a student. The remaining allegations in Paragraph 81 [Complaint ¶ 78] are denied.

82. [Complaint ¶ 79] Denied.

83. [Complaint ¶ 80] Denied.

84. [Complaint ¶ 81] Denied.

85. [Complaint ¶ 82] Denied.

86. [Complaint ¶ 83] Denied.

87. [Complaint ¶ 84] Denied.

88. [Complaint ¶ 85] Denied.

89. [Complaint ¶ 86] Denied.

90. [Complaint ¶ 87] Denied.

91. [Complaint ¶ 88] Denied.

92. [Complaint ¶ 89] Denied.

93. [Complaint ¶ 90] Denied.

94. [Complaint ¶ 91] Denied.

95. [Complaint ¶ 92] Denied.

### THIRD CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

96. [Complaint ¶ 93] Defendants incorporate all prior responses by reference as if fully set forth herein.

97. [Complaint ¶ 94] Denied.

98. [Complaint ¶ 95] Denied.

99. [Complaint ¶ 96] Denied.

100. [Complaint ¶ 97] Denied.

101. [Complaint ¶ 98] Denied.

102. [Complaint ¶ 99] Denied.

103. [Complaint ¶ 100] Denied.

104. [Complaint ¶ 101] Denied.

105. [Complaint ¶ 102] Denied.

## JURY DEMAND

Defendants demand a jury trial.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes a request for relief. Defendants deny that Plaintiff is entitled to the relief sought or to any relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants reserve the right to file a separate Motion to Dismiss and supporting brief.

## SECOND AFFIRMATIVE DEFENSE

Defendants plead all immunities to which they are entitled under the law, including but not limited to governmental immunity, qualified immunity, and public official immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff has failed to satisfy all conditions precedent or statutory prerequisites required by applicable laws.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they involve transactions or events which are outside the applicable statute(s) of limitations.

## FIFTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendants have acted in good faith in full compliance with all applicable laws.

## SIXTH AFFIRMATIVE DEFENSE

Any psychological problems or mental/emotional distress Plaintiff claims to suffer are the result of other causes unrelated to Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages against Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to adequately plead Section 1983 municipal liability under *Dept. of Social Services of City of New York*, 436 U.S. 658 (1978) and its progeny.

## TENTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants with regard to Plaintiff were based solely on legitimate, business-related, non-discriminatory, non-pretextual reasons, were not contrary to public policy or unlawful, and were otherwise justified by business necessity.

## ELEVENTH AFFIRMATIVE DEFENSE

Any Defendant reserves the right to amend the Answer and assert any additional affirmative defenses as it may become available or apparent throughout this litigation.

**WHEREFORE**, the Defendants pray the Court as follows:

1. That Plaintiff have and recover nothing of Defendants in this action;
2. That the Court dismiss this action in its entirety with prejudice;
3. That the Court declare Defendants the prevailing party;

10

Case 3:24-cv-00286-KDB-SCR   Document 4   Filed 03/22/24   Page 10 of 12

4. That the Court award Defendants costs, attorneys' fees, and all other fees incurred in the defense of this action as provided by applicable law; and

5. For such other relief as the Court deems just and proper.

This the 22nd day of March 2024.

/s/ Oksana Cody
Oksana Cody
N.C. State Bar No. 45393
Senior Associate General Counsel

/s/ Breanna E. Miller
Breanna E. Miller
Associate General Counsel
NC State Bar No. 59400

Charlotte-Mecklenburg Board of Education
600 E. Fourth St., 5th Floor
Charlotte, NC 28202
Phone: (980) 343-6228
Fax: (980) 343-5739
Oksanak.cody@cms.k12.nc.us
breannae.miller@cms.k12.nc.us
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that on this date the undersigned filed the foregoing **DEFENDANTS' ANSWER** in the above-entitled action upon all parties to this cause by depositing a copy thereof in the United States mail, first class, postage prepaid, and by electronic email, addressed as follows:

Eric A. Montgomery
The Montgomery Law Firm, PLLC
6135 Park South Drive, Suite 510
Charlotte, NC 28210
eric@themlawfirm.com

This the 22nd day of March 2024.

/s/ Oksana Cody
Oksana Cody
N.C. State Bar No. 45393
Senior Associate General Counsel

/s/ Breanna E. Miller
Breanna E. Miller
Associate General Counsel
NC State Bar No. 59400

Charlotte-Mecklenburg Board of Education
600 E. Fourth St., 5th Floor
Charlotte, NC 28202
Phone: (980) 343-6228
Fax: (980) 343-5739
Oksanak.cody@cms.k12.nc.us
breannae.miller@cms.k12.nc.us
*Attorneys for Defendants*

12

Case 3:24-cv-00286-KDB-SCR   Document 4   Filed 03/22/24   Page 12 of 12