IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00286-KDB-SCR

| | |
|---|---|
| COREY HEMPHILL,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER K. BERNARD AND CHARLOTTE MECKLENBURG BOARD OF EDUCATION,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss (Doc. No. 7). The Court has carefully considered this motion and the parties' briefs and exhibits. As discussed below, Plaintiff has failed to identify or sufficiently allege that Defendants committed a constitutional violation, which is necessary for him to pursue his claims. Therefore, the Court will **GRANT** the motion and dismiss this action.

## I. LEGAL STANDARDS

A. **A. Subject Matter and Personal Jurisdiction under Rule 12(b)(1) and 12(b)(2)**

Allegations of governmental immunity raise jurisdictional issues. *See M Series Rebuild, LLC v. Town of Mt. Pleasant*, 730 S.E.2d 254, 257 (N.C. Ct. App. 2012). The governmental immunity defense under North Carolina law presents a question of jurisdiction, either subject matter or personal jurisdiction. *Teachy v. Coble Dairies, Inc.*, 293 S.E.2d 182, 184 (N.C. 1982); *Green v. Kearney*, 690 S.E.2d 755 (N.C. App. Ct. 2010); *Frye v. Brunswick Cnty. Bd. of Educ.*,

1

Case 3:24-cv-00286-KDB-SCR   Document 11   Filed 08/12/24   Page 1 of 7

612 F. Supp. 2d 694, 701 (E.D.N.C. Mar. 9, 2009). Under Rule 12(b)(1), a party may seek dismissal based on the court's "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The federal courts are courts of limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed. Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Therefore, whether the Court has jurisdiction over the subject matter of a case must be considered before addressing its merits. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

When personal jurisdiction is properly challenged under Rule 12(b)(2), the burden is on the plaintiff ultimately to prove the Court's jurisdiction over the defendants by a preponderance of the evidence. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc*., 334 F.3d 390, 396 (4th Cir. 2003). However, "when the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). In deciding whether the plaintiff has made the requisite showing, the Court must construe all allegations and evidence available relating to the issue of personal jurisdiction in the light most favorable to the plaintiff. *Id*.

### B.    B. Failure to State a Claim under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

2

However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

During the 2021-2022 school year, Plaintiff was employed by the Charlotte Mecklenburg Board of Education (the "Board") as a behavioral modification technician ("BMT") at James Martin Middle School. (Doc. 1-1 at ¶ 17.) During that year, Defendant Christopher Bernard was the principal at James Martin Middle School. On December 17, 2021, Plaintiff was involved in an incident with a student who was "non-compliant" and "Plaintiff was forced to take measures to

3

Case 3:24-cv-00286-KDB-SCR   Document 11   Filed 08/12/24   Page 3 of 7

restrain and divert" the student. (*Id*. at ¶ 24.) Pending an investigation of the incident, which Plaintiff challenges as unfair, he was suspended with pay but prohibited from continuing to coach basketball at the school (all of which he contends caused him severe emotional distress and harm). (*Id*. at ¶ 37.) Ultimately, Plaintiff was issued a written warning and asked to return to work. (*Id*. at ¶¶ 33, 39.)

On January 23, 2024, Plaintiff sued the Defendants in Mecklenburg County (N.C.) state Superior Court, bringing a Substantive Due Process claim under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 and a claim for Negligent and Intentional Infliction of Emotional Distress under state law. In his action, Plaintiff seeks punitive as well as compensatory damages. The matter was timely removed to this Court on March 7, 2024, pursuant to 28 U.S.C. § 1441(c) based on this Court's federal question jurisdiction under 28 U.S.C. § 1331. Defendants assert the Court may also exercise supplemental jurisdiction over Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367.

More specifically, Plaintiff alleges that CMBOE failed to properly train him and other similarly situated BMT employees throughout the school district over a period of at least three years. He claims that this failure to ensure BMT employees were properly trained put the Plaintiff and other BMT employees at personal risk of harm and in addition put the schools they served in a "non-compliant" status. He further asserts that this 'failure to train' constituted a deprivation, involved egregious conduct under color of law with regard to a property right of Plaintiff that shocks the conscience and thus violated the substantive due process protections of the Fourteenth Amendment, and also constituted intentional infliction of emotional distress.

### III. DISCUSSION

#### A. Claim under 42 U.S.C. § 1983

4

Plaintiff asserts a single federal claim under 42 U.S.C. § 1983. Section 1983 makes civilly liable any person who deprives an injured party of a constitutional right. However, the statute does not itself confer any substantive rights. Rather, a plaintiff must identify the alleged constitutional right violated, prove its violation and establish that the official, acting under color of state law, caused the deprivation of the federal right. *See Riddick v. Sch. Bd. of Portsmouth*, 238 F.3d 518, 522 n.3 (4th Cir. 2000); *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Here, Plaintiff alleges that Defendants violated the Substantive Due Process Clause of the Fourteenth Amendment.

In *Collins v. City of Harker Heights*, 503 U.S. 115, 129 (1992), the Supreme Court established that "[a] plaintiff asserting a § 1983 substantive due process claim must allege both the deprivation of a cognizable liberty interest, and that the deprivation of this interest was "arbitrary in the constitutional sense." *Callahan v. N. Carolina Dep't of Pub. Safety*, 18 F.4th 142, 145-46 (4th Cir. 2021) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 129 (1992)). Yet, the right to be free from harm caused by dangerous workplace conditions is not a right guaranteed by the Federal Constitution. *See Collins*, 503 U.S. at 129 ("The Due Process Clause is not a guarantee against incorrect or ill-advised personnel decisions. Nor does it guarantee municipal employees a workplace that is free of unreasonable risks of harm.") (citing *Bishop v. Wood*, 426 U.S. 341, 350 (1976)).

The facts in *Collins* are instructive here. The petitioner was the widow of a city sanitation worker who died after entering a manhole to unstop a sewer line. *Id.* at 117. The plaintiff sued the City under § 1983, alleging that, as in this case, the City's failure to adequately train its employees caused a deprivation of life and liberty. The Supreme Court held that "§ 1983 does not apply [to a governmental employer's failure to train or warn employees about known hazards

5

in the workplace] because such conduct does not violate the Due Process Clause." *Id.* at 117. The Court reasoned that "the Due Process Clause does not purport to supplant traditional tort law," meaning "the governmental employer's duty to provide its employees with a safe working environment is [not] a substantive component of the Due Process Clause." *Id.* at 126-29. The Court noted that "state law, rather than the Federal Constitution, generally governs the substance of the employment relationship." *Id.* at 128.

Even if Plaintiff had alleged a federal right, he fails to allege that the Board's actions were arbitrary in a constitutional sense. In *Collins*, the Supreme Court also found that the petitioner's allegations could not be properly characterized as "arbitrary" or "conscience-shocking" in the constitutional sense because her claim was analogous to a typical state-law tort claim – i.e., that the City breached its duty of care to her husband by failing to provide him a safe work environment. *Id.* at 128. In rejecting her claim, the Court explained that "we have previously rejected claims that the Due Process Clause should be interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law." *Id.* Indeed, "[b]oth the [United States] Supreme Court and [the Fourth Circuit] have warned against 'constitutionalizing' state tort law through the Due Process Clause." *Callahan v. N.C. Dep't of Pub. Safety*, 18 F.4th 142, 145 (4th Cir. 2021) (citing *Collins*, 503 U.S. 128).

In sum, because Plaintiff fails to allege a deprivation of a cognizable liberty interest[1] and that the deprivation of this interest was "arbitrary in the constitutional sense," his contention of a substantive due process violation fails and his Section 1983 claim will be dismissed.

---

[1] Although Plaintiff labels his cause of action as a "Substantive Due Process Violation," he also alleges the deprivation of a property right without notice. *See* Doc. No. 1-1 at ¶ 68. Under North Carolina law, an at-will employee (which Plaintiff is presumed to be in the absence of allegations otherwise) does not have a property right in his employment. *See Presnell v. Pell*, 298 N.C. 715, 723 (1979); *Hunter v. White*, 704 F. Supp. 94 (W.D.N.C. Dec. 16, 1988).

6

Case 3:24-cv-00286-KDB-SCR   Document 11   Filed 08/12/24   Page 6 of 7

### B. State Law Claims

In addition to his federal Section 1983 claim, Plaintiff asserts claims of intentional and negligent infliction of emotional distress claims against Principal Bernard individually. In the absence of a viable federal claim, the federal question jurisdiction on which this action was removed is lacking, and the court may decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012); *Mann v. Power Home Solar, LLC*, No. 521CV00166KDBDSC, 2022 WL 602196, at *2 (W.D.N.C. Feb. 28, 2022). The Court will exercise its discretion to decline any further consideration of Plaintiff's state law claims. This is particularly appropriate in light of Plaintiff's request to amend his Complaint with respect to his state law claims. Accordingly, this matter will be dismissed as to Plaintiff's federal claim and remanded to the North Carolina Superior Court for Mecklenburg County for any appropriate further proceedings.

### IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 7) is **GRANTED** as to Plaintiff' claim under 42 U.S.C. § 1983 and otherwise not decided based on the lack of continuing jurisdiction in this Court; and

2. The Clerk is directed to remand this matter to the Mecklenburg County (N.C.) Superior Court and then close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 12, 2024

Kenneth D. Bell
United States District Judge